IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-344-FL

| CHRISTOPHER EARL, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| v. | ) | ORDER |
|   | ) |   |
| ROBERT M. SPEER, Secretary, | ) |   |
| Department of the Army, | ) |   |
|   | ) |   |
| Defendant. | ) |   |

This matter is before the court on defendant's motion to dismiss for failure to state a claim (DE 7). Plaintiff filed a response in opposition, and defendant replied. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on July 10, 2017, asserting a claim under Title VII of the Civil Rights act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), et seq., based upon non-selection in employment because of race. Plaintiff seeks declaratory relief, back pay, front pay, compensatory damages, punitive damages, attorney's fees, and costs, in accordance with Title VII.

Defendant filed the instant motion in lieu of answer on October 24, 2017, asserting that plaintiff's claim is time-barred. In support of the motion, defendant relies upon a declaration of Patricia H. Lewis ("Lewis"), Lieutenant Colonel, U.S. Army, attaching the following documents:

1) Department of the Army announcement for "Communication Cable Splicer / Installer Supervisor" position.

2) Equal Employment Opportunity ("EEO") "Counselor's Report" summarizing matters giving rise to administrative complaint by plaintiff, dated October 4, 2012.

3) An EEO "Information Inquiry Summary," dated September 12, 2012.

4) Plaintiff's EEO "Formal Complaint of Discrimination," dated October 17, 2012 (hereinafter, "EEO Complaint").

5) An EEO "Notice of Acceptance of Discrimination Complaint," dated October 25, 2012.

6) A notice of "final decision" on plaintiff's EEO complaint from the Department of the Army, dated December 12, 2013.

7) Plaintiff's notice of appeal to the Equal Employment Opportunity Commission ("EEOC"), stamped received February 24, 2014.

8) Decision by EEOC on plaintiff's appeal, stamped received July 26, 2016 (hereinafter, the "July 26, 2016, EEOC Decision on Appeal").

9) Plaintiff's request for reconsideration of July 26, 2016, EEOC Decision on Appeal, stamped received February 3, 2017.

10) EEOC dismissal of plaintiff's request for reconsideration, stamped received April 7, 2017 (hereinafter, the "April 7, 2017, EEOC Dismissal").

(Lewis Decl. Exhibit (DE 9-1)).[1]

In opposition to defendant's motion, filed November 14, 2017, plaintiff relies upon documents attached to the Lewis Declaration, including the July 26, 2016, EEOC Decision on Appeal and April 7, 2017, EEOC Decision on Reconsideration. Plaintiff also relies upon an exhibit

---

[1] As set forth herein, the court considers in its analysis of the instant motion only certain documents included with the Lewis Declaration that are "integral to the complaint." Mason v. Mach. Zone, Inc., 851 F.3d 315, 317n.2 (4th Cir. 2017). The court summarizes all documents filed by defendant in support of its motion, as well as an exhibit filed by plaintiff noted below, solely at this juncture for purposes of setting forth the procedural history of the case.

2

attached to his response comprising an EEOC decision on an appeal by another individual, Glenn E. Stephens, dated November 18, 2016. (Pl's Resp., Exhibit 1 (DE 11-1)). Defendant replied on November 27, 2017, in support of its motion, relying on documents previously submitted.

## STATEMENT OF ALLEGED FACTS

The facts alleged in the complaint and documents integral to the complaint, as pertinent to the instant decision, may be summarized as follows. Plaintiff, who is black, applied for the "Communication Cable Splicer / Installer Supervisor" position, a position in the branch of defendant for which plaintiff was then working, posted as open for the period August 13, 2012, to August 21, 2012. (Compl. ¶ 12). Plaintiff interviewed for the position, along with "Mr. Stephenson" (who is black), "Mr. Ellis" (who is white), and "Mr. David Ward" (who is white). (Id. ¶ 31). On September 23, 2012, defendant announced that Mr. Ellis had been selected for the position.

Plaintiff filed his EEO Complaint, dated October 17, 2012, asserting discrimination based upon race in his non-selection for the position. (Lewis Decl. Exhibit (DE 9-1) at 12-14). Defendant transmitted to plaintiff a "final decision" finding no discrimination, dated December 12, 2013. (Id. at 22-37). Upon plaintiff's appeal to the EEOC, the July 26, 2016, EEOC Decision on Appeal affirmed defendant's final decision finding no discrimination. (Id. at 65-70). That decision provided plaintiff notice of right for reconsideration and for filing a civil action, as follows:

> STATEMENT OF RIGHTS - ON APPEAL
> RECONSIDERATION . . .
>
> The [EEOC] may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request. . . .
>
> Requests to reconsider, with supporting statement or brief, must be filed with the [EEOC] within thirty (30) calendar days of receipt of this decision . . . .

3

> Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. . . . The [EEOC] will consider requests for reconsideration filed after the deadline only in very limited circumstances. . . .
>
> COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION . . .
>
> You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision.

(Id. at 68-69; see Compl. ¶ 5). On February 3, 2017, plaintiff requested reconsideration of the July 26, 2016, EEOC Decision on Appeal. (Lewis Decl. Exhibit (DE 9-1) at 71-73). In the April 7, 2017, EEOC Decision on Reconsideration, the EEOC "DISMISSED as untimely" plaintiff's request for reconsideration. (Id. at 74-76). That decision provided plaintiff notice of right to file a civil action, as follows:

> This decision of the [EEOC] is final, and there is no further right of administrative appeal from the [EEOC's] decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. . . .

(Id. at 75; see Compl. ¶ 5).

**COURT'S DISCUSSION**

A.   Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual

enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

  1.   Time Bar

Title VII creates a right of action for certain federal employees, such as plaintiff, alleging employment discrimination on the basis of race. See 42 U.S.C. § 2000e-16; Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). "Within 90 days of receipt of notice of final action taken by [the employing government department, agency, or unit], or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race," an employee "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action." 42 U.S.C. § 2000e-16(c).

A claim is time barred if it is not filed within these time limits. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see Irwin, 498 U.S. at 95. Rather, they are requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting Zipes, 455 U.S. at 393); see Irwin, 498 U.S. at 95-96.

In this case, plaintiff's claim is time barred because it was not filed within 90 days of receipt of notice of final action taken by defendant or by the EEOC upon plaintiff's appeal of defendant's decision on plaintiff's administrative complaint of discrimination. In particular, defendant

5

transmitted to plaintiff a "final decision" finding no discrimination, dated December 12, 2013. (Lewis Decl. Exhibit (DE 9-1) at 22-37). Upon plaintiff's administrative appeal thereof, the EEOC affirmed, in its July 26, 2016, EEOC Decision on Appeal, providing notice to plaintiff of right to file a civil action within 90 days. (Id. at 65-70; see Compl. ¶ 5).[2] Thus, plaintiff had until October 26, 2016, to file a civil action on the basis of the July 26, 2016, EEOC Decision on Appeal. Because he did not do so, his action is time barred. See 42 U.S.C. § 2000e-16(c); Irwin, 498 U.S. at 93.

Plaintiff argues, nonetheless, that his complaint is timely because it was filed within 90 days of receipt of the April 7, 2017, EEOC Dismissal. (Lewis Decl. Exhibit (DE 9-1) at 74-76; Compl. ¶ 5). The April 7, 2017, EEOC Dismissal, however, is not a "final action taken by . . . the [EEOC] upon an appeal from a decision or order of [defendant] on a complaint of discrimination based on race." 42 U.S.C. § 2000e-16(c). That final action was made in the July 26, 2016, EEOC Decision on Appeal. See id.; 29 C.F.R. § 1614.405(c) ("A decision issued under paragraph (a) of this section ["Decisions on appeals"] is final . . . unless a timely request for reconsideration is filed by a party to the case.").

Plaintiff suggests that his request for reconsideration received by the EEOC on February 3, 2017, (see Lewis Decl. Exhibit (DE 9-1) at 71-73), either rendered the July 26, 2016, EEOC

---

[2] Both the July 26, 2016, EEOC Decision on Appeal and the April 7, 2017, EEOC Dismissal are integral to the complaint, because they are determinative of the date of "Notice of Right to Sue from the Equal Employment [] Opportunity Commission (EEOC) and . . . ninety (90) days prescribed," as referenced at paragraph five of plaintiff's complaint. See United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) ("[A] plaintiff in a civil action under Title VII must allege . . . filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue."); see also Irwin, 498 U.S. at 96 (affirming dismissal of complaint as time barred, considering EEOC letter affirming agency decision, based upon failure to meet statutory filing deadline for filing suit after receipt of EEOC letter, under 42 U.S.C. § 2000e-16(c)); Lorenzo v. Rumsfeld, 456 F. Supp. 2d 731, 734, 738 (E.D. Va. 2006), aff'd sub nom. Lorenzo v. Gates, 225 F. App'x 165 (4th Cir. 2007) (dismissing complaint on same ground, noting "where, as here, plaintiff's judicial complaint relies on informal and formal administrative complaints, these documents may be considered in ruling on a motion to dismiss, without converting the Rule 12(b)(6) motion into a Rule 56 motion.").

Decision on Appeal not final, or reset the running of the 90 day limitations period to the date of the April 7, 2017, EEOC Dismissal. As noted, however, an EEOC decision on the substance of an appeal, such as the July 26, 2016, EEOC Decision on Appeal, is "final . . . unless a <u>timely</u> request for reconsideration is filed by a party to the case." 29 C.F.R. § 1614.405(c) (emphasis added). Here, the EEOC expressly determined in its April 7, 2017, Decision on Reconsideration that plaintiff's request for reconsideration received by the EEOC February 3, 2017, was "untimely pursuant to § 1614.405," referencing back to its own regulation defining a final decision on appeal. (Lewis Decl. Exhibit (DE 9-1) at 74). Accordingly, plaintiff's untimely request for reconsideration, and the EEOC decision dismissing the same, did not serve to reset or extend the limitations period. To hold otherwise would permit a plaintiff to extend indefinitely the limitations period by filing an untimely request for reconsideration of a final EEOC decision.

Although the Fourth Circuit has not addressed this issue, courts in this circuit and other court's of appeal have uniformly held that the 90 day limitation period does not reset upon dismissal of a plaintiff's untimely request for reconsideration. <u>See, e.g.</u>, <u>Lorenzo v. Rumsfeld</u>, 456 F. Supp. 2d 731, 738 (E.D. Va. 2006), <u>aff'd sub nom.</u> <u>Lorenzo v. Gates</u>, 225 F. App'x 165 (4th Cir. 2007) ("[O]nly a timely request to reopen defeats the finality of the [EEOC's] final decision and tolls the filing deadline for initiating an action in federal court.") (quotations omitted); <u>Belhomme v. Widnall</u>, 127 F.3d 1214, 1217 (10th Cir. 1997) ("[A] timely petition for reconsideration will toll the filing deadline for a suit in district court, but an untimely petition will have no tolling effect.").

    2.    Waiver and Tolling

Plaintiff also contends that the notice provision at the conclusion of the April 7, 2017, EEOC Decision on Reconsideration, constitutes a "waiver" by defendant of its timeliness argument. (Pl's

Opp. (DE 5) at 8; see Lewis Decl. Exhibit (DE 9-1) at 75). "Federal courts have typically extended equitable relief only sparingly." Irwin, 498 U.S. at 96. Here, application of a waiver of the 90 day filing deadline is not warranted, where defendant made no representation to plaintiff as to whether the 90 day filing deadline was extended by plaintiff's request for reconsideration. Indeed, the EEOC, not defendant, provided the notice at the conclusion of the April 7, 2017, EEOC Decision on Reconsideration.

Moreover, even as to the EEOC, circumstances supporting application of equitable relief on a theory of waiver are not present here. The Supreme Court has recognized a basis for equitable tolling of the Title VII filing deadline "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. "[T]he government cannot be estopped from asserting the [applicable] time limit as a defense if plaintiff has made no showing of affirmative misconduct on the part of the government, which is the least the court would require, even if that would suffice, to rely upon estoppel." Nealon v. Stone, 958 F.2d 584, 589 (4th Cir. 1992).

Here, the EEOC's notice provided in its April 7, 2017, Decision on Reconsideration could not have induced or tricked plaintiff into allowing the filing deadline to pass because, by that date, the filing deadline had already long since passed. Where the July 26, 2016, EEOC Decision on Appeal provided plaintiff with notice of the 90 day limitation period, and EEOC took no action during that period to "trick" or "induce" plaintiff to believe otherwise, EEOC's subsequent statements in its April 7, 2017, EEOC Decision on Reconsideration, do not constitute waiver by defendant of its timeliness argument.

Likewise, given its timing, a mistake by the EEOC in repeating its 90 day notice of rights to sue in its April 7, 2017, EEOC Decision on Reconsideration does not alter the statutory requirements that must be enforced by the court. See Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) ("[A] court is obligated to enforce the requirement even if the defendant has overlooked it.") (quoting Bullard v. Sercon Corp., 846 F.2d 463, 468 (7th Cir.1988)); see also Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir. 1982) ("[I]t is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts.").

Finally, plaintiff suggests that equitable tolling should apply to excuse the untimely filing of his request for reconsideration. According to plaintiff, he could not have brought his request for reconsideration earlier because the basis for reconsideration arose only upon the EEOC's favorable decision in another related case on November 18, 2016. (See Pl's Mem. (DE 11) at 4). Plaintiff relies particularly on EEOC's decision granting reconsideration in a separate administrative appeal involving "Glenn E. Stephens," a black employee who applied for the same position as plaintiff. (Pl's Mem, Ex. 1 (DE 11-1) at 1).

Even accepting as true plaintiff's assertions in his brief regarding his grounds for submitting a late request for reconsideration, such reasons do not provide a basis for equitable tolling of the limitations period. Equitable tolling in the context of Title VII deadlines is limited primarily to instances where an "employee's failure to timely file results from either a 'deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay. . . .' " Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir.1990) (quoting Price v. Litton Bus. Sys. Inc., 694 F.2d 963, 965 (4th Cir.1982)). A favorable decision on reconsideration

9

of appeal of another employee, even if allegedly on grounds that could apply to plaintiff, does not fall within any recognized basis for equitably tolling the 90-day limitations period. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); Irwin, 498 U.S. at 96.

In sum, plaintiff's complaint is time-barred, and the circumstances of the case do not present a basis for applying waiver or equitable tolling of the limitations period. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim as a matter of law. See id.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 7) is GRANTED. Plaintiff's claims are DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of May, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge